**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Andre Jerome Twitty,<br><br>                    Petitioner,<br><br>v.<br><br>United States of America,<br><br>                    Respondent. | Case No. 15-cv-3694 (MJD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner Andre Jerome Twitty's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Twitty's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, this Court recommends dismissal of Twitty's petition.

In 1996, Twitty pleaded guilty in this District to one count of making threatening communications in violation of 18 U.S.C. § 875(c)[1] and was sentenced to a 16-month term of imprisonment with three years of supervised release to follow.  *See United States v. Twitty*, 4:95-CR-0102 (DSD/FLN) (D. Minn. filed Dec. 6, 1995).  That sentence

---

[1] Section 875(c) provides that "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."

has since expired, and, by his own admission, Twitty is no longer in custody as a result of that conviction.  (Pet. at 2.)  Twitty is, however, currently incarcerated at the United States Penitentiary in Florence, Colorado, for a subsequent, unrelated crime.

Almost two decades after Twitty's 1996 conviction, the Supreme Court interpreted § 875(c) as not extending to communications that would be threatening to a reasonable person but which were not in fact intended by the defendant to be threatening.[2]  *See Elonis v. United States*, 135 S. Ct. 2001, 2013 (2015) ("[N]egligence is not sufficient to support a conviction under Section 875(c) . . . .").  Twitty argues that *Elonis* calls into question the validity of his 1996 conviction, and he asks that the conviction be vacated as a result.

As an initial matter, a challenge to the validity of a conviction or sentence incurred in federal court must ordinarily be brought under 28 U.S.C. § 2255, not in a petition for habeas relief.  *See* 28 U.S.C. § 2255(a), (e).  Twitty correctly recognizes that he may no longer bring a motion under § 2255 challenging his 1996 conviction because he is not "in custody" as a result of that conviction, as is required by § 2255(a).  (Pet. at 2.)  Unfortunately for Twitty, the Supreme Court has also interpreted the relevant habeas statutes "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488,

---

[2]  Left expressly undecided by *Elonis* is the question of "whether recklessness suffices for liability under Section 875(c)."  *Elonis*, 135 S. Ct. at 2013.  That question need not be addressed by this Court.

490 (1989) (per curiam); 28 U.S.C. § 2241(c).  The fact that Twitty is no longer "in custody" for the 1996 conviction dooms any attempt to seek relief from that conviction through *either* § 2255 or a habeas petition.

Twitty also asks that, if habeas relief is no longer available to him, his petition be interpreted as a motion to withdraw his guilty plea under Rule 11(d) of the Federal Rules of Criminal Procedure.  But Rule 11(e) clearly forbids withdrawal of a guilty plea after a sentence has been imposed.  *See* Fed. R. Civ. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.").  Thus, a motion under Rule 11(d) will not provide relief, either.

Finally, Twitty suggests that, should all else fail, he might still seek relief through a writ of coram nobis.  (Pet. at 2.)  "[C]oram nobis relief is 'substantially equivalent' to habeas corpus relief," but may be sought by a defendant no longer in custody for the judgment that he is challenging.  *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172 (8th Cir. 1996) (quoting *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979)).  Thus, unlike a motion under § 2255 or a petition for habeas relief, Twitty may continue to seek a writ of coram nobis despite the expiration of his custodial term.  Nevertheless, this Court recommends that Twitty not be issued a writ of coram nobis for two reasons.

First, writs of coram nobis were abolished in civil cases by Federal Rule of Civil Procedure 60(e).  If Twitty may seek coram nobis relief at all, it is only through a motion

3

in the original criminal case, not in separate civil litigation.  *See Camacho-Bordes*, 94 F.3d at 1171 n.2.

Second, and more importantly, Twitty has failed to make a threshold showing that *Elonis* would have proved an impediment to his prosecution.  Coram nobis is an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954).  For that reason, "the Eighth Circuit has required movants to show a compelling basis for coram nobis relief." *Kandiel v. United States*, 964 F.2d 794, 796-97 (8th Cir. 1992).  Twitty has not demonstrated any such compelling basis in his petition, and it is exceedingly doubtful that one exists.  In fact, at the plea colloquy in the underlying criminal matter, Twitty acknowledged that he knowingly and intelligently threatened to injure an employee of a rental-car company.  *See Twitty*, No. 4:95-CR-0102 (DSD/FLN), ECF No. 65 at 15-16.  The factual circumstances of the offense—once again, as admitted by Twitty at the plea colloquy—confirm that Twitty did not act with mere negligence in conveying communications that could be construed by the reasonable person as threatening.  Instead, over a period of 24 hours, Twitty placed approximately 700 calls to the rental-car company and threatened in many of those calls to injure one of the company's employees.  *Id*. at 15.  "Solemn declarations in open court," including those made at a plea colloquy, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Because Twitty admitted to conduct that remains illegal post-*Elonis* under

§ 875(c), he cannot demonstrate a compelling basis for coram nobis relief. His petition should therefore be denied.

Based on the foregoing, and on all of the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that Petitioner Andre Jerome Twitty's petition for a writ of habeas corpus (ECF No. 1) be **DENIED**.

Dated: November 2, 2015        s/ *Hildy Bowbeer*
                               HILDY BOWBEER
                               United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.